In re the Marriage of Lana J. THOMAS, Petitioner-Appellant,

v.

Jerald Edwin THOMAS, Respondent-Respondent.

No. 44790.

Missouri Court of Appeals, Eastern District, Division Three.

Feb. 1, 1983.

R. Troy Kendrick, Jr., Clayton, for petitioner-appellant.

Fred Roth, Clayton, for respondent-respondent.

CRIST, Judge.

Petitioner (wife) in this dissolution of marriage action assigns error to the decreed disposition of the marital home and the trial court's refusal to award her attorney's fees. We affirm in part, and reverse in part and remand.

The parties were married for thirteen years and their home was their principal marital asset. The trial court valued it at $52,500, and found it encumbered by a deed of trust and note in the amount of $20,000. The trial court awarded to each party a one-half interest in the $32,500 equity, and gave wife six months to refinance her interest therein in order to acquire husband's half interest. Should wife fail to refinance her interest, the trial court reserved jurisdiction to order the house sold and to divide the net proceeds between the parties. The trial court's fifty-fifty disposition of the marital home was consistent with the disposition of the other marital property, and we are satisfied the criteria in § 452.330.–1, RSMo. 1978 for disposing of marital property were considered. An extended opinion on this facet of the case would have no precedential value, and accordingly we affirm the ordered disposition of the marital home under Rule 84.16(b).

The decree recites: "Neither of the parties asked the Court for attorneys' fees, so the Court will order that each party pay his/her own attorneys' fees." The trial court apparently overlooked the prayer for attorneys' fees in wife's Amended Petition. As attorneys' fees could have been awarded under the pleadings and proof, we vacate that part of the decree denying them and remand with directions to determine whether wife should be awarded them, and if so, to fix the amount thereof. In all other respects, the judgment and decree is affirmed.

Affirmed in part; vacated in part and remanded with directions.

CRANDALL, P.J., and REINHARD, J., concur.